```
                              ☒ FILED       ___ LODGED
                              ___ RECEIVED  ___ COPY

                                   OCT 0 3 2023

                              CLERK U S DISTRICT COURT
                                DISTRICT OF ARIZONA
                              BY_____ DEPUTY
```

GARY M. RESTAINO
United States Attorney
District of Arizona

LINDSAY SHORT
Arizona State Bar No. 034125
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Lindsay.Short@usdoj.gov
Attorneys for Plaintiff

**SEALED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-23-1375-PHX-SMB (ESW) |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | VIO: 18 U.S.C. § 1343<br>(Wire Fraud)<br>Count 1 |
| Christopher Galvin, | |
| Defendant. | 18 U.S.C. § 1957(a)<br>(Transactional Money Laundering)<br>Counts 2-5 |
| | 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1);<br>21 U.S.C. § 853;<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegations) |

**THE GRAND JURY CHARGES:**

At all times material to this indictment, within the District of Arizona and elsewhere:

**INTRODUCTION**

1. Beginning in or around 2019 and continuing through 2022, CHRISTOPHER GALVIN lied to an investor about an investment opportunity in an Arizona-based entity, HYPUR VENTURES II. GALVIN told the investor, Y.W., that he would use her money to invest in the cannabis industry. GALVIN claimed to be very successful in the industry.

He convinced Y.W. to invest $100,000 in HYPUR VENTURES II. But GALVIN did not use the money for an investment. He instead used it for his own personal gain, including payments to a law firm, payroll for employees, and to pay himself.

2.  GALVIN is an individual and a resident of Arizona. GALVIN was the CEO and an authorized representative of HYPUR VENTURES II. HYPUR VENTURES II had a mailing address in Scottsdale, Arizona.

3.  At all times relevant to this indictment, GALVIN was a signer on Chase Bank account x9669 held in the name of HYPUR VENTURES II, with an address in Scottsdale, Arizona.

4.  In early 2019, P.S. introduced GALVIN to Y.W. as a potential investor in the cannabis industry. GALVIN and P.S. went to Y.W.'s residence in California, where GALVIN pitched the investment for HYPUR VENTURES II to Y.W.

5.  GALVIN told Y.W. that he would provide detailed records of the investment, which he said could provide around a 12% return. GALVIN said the smallest investment HYPUR VENTURES II could accept was $100,000. GALVIN told Y.W. the money would be used for investments in the cannabis industry.

6.  In June 2019, Y.W. sent GALVIN $100,000 for an investment in HYPUR VENTURES II based on the representations that GALVIN made to Y.W.

7.  GALVIN did not use Y.W.'s money for an investment in the cannabis industry. Instead, he used the money for his own personal gain, including payments to a law firm, payroll for employees, and to pay himself.

8.  Throughout 2021 and 2022, Y.W. requested several updates on the investment in HYPUR VENTURES II from GALVIN. GALVIN did not provide a clear update.

9.  In 2021, Y.W. told GALVIN that she was considering filing a complaint regarding the investment. In December 2021, GALVIN sent a text message to Y.W. claiming that he would pay the $100,000 back. GALVIN never paid Y.W. back.

10.  In January 2023, GALVIN provided testimony under oath to the Securities

and Exchange Commission (SEC).

    a. The SEC asked GALVIN about the $100,000 investment from Y.W. into HYPUR VENTURES II and whether GALVIN used the money to pay legal fees and salaries. GALVIN responded, "I don't recall the specific circumstances around this – this – those transactions."

    b. The SEC questioned GALVIN as to why he told Y.W. that he was working to pay her back. GALVIN responded with, "I – I really – I don't recall the circumstances of this conversation with her."

## COUNT 1
## WIRE FRAUD
## (18 U.S.C. § 1343)

11. Each of the foregoing allegations are incorporated by reference and re-alleged as though fully set forth herein.

12. Beginning in 2019, and continuing to 2022, in the District of Arizona and elsewhere, Defendant GALVIN, individually and doing business as HYPUR VENTURES II, knowingly and willfully devised and intended to devise a scheme and artifice to defraud for the purpose of obtaining money and property by means of materially false and fraudulent pretenses and representations, and by the concealment and omission of material facts.

13. On or about the date listed below, GALVIN, for the purpose of executing the scheme and attempting to do so, caused signals and sounds to be transmitted by means of wire communication in interstate commerce:

| Count | On or About Wire Date | Transmission | Transmission Description |
| --- | --- | --- | --- |
| 1 | 06/19/2019 | Wire transfer | Y.W. sent a $100,000.00 wire transfer to HYPUR VENTURES II, Chase Bank account x9669 |

All in violation of 18 U.S.C. § 1343.

## COUNTS 2-5
## TRANSACTIONAL MONEY LAUNDERING
## (18 U.S.C. § 1957(a))

14. Each of the foregoing allegations are incorporated by reference and re-alleged as though fully set forth herein.

15. On the dates listed below, Defendant GALVIN, individually and doing business as HYPUR VENTURES II, along with other individuals and entities known and unknown to the Grand Jury, knowingly engaged and attempted to engage in the following monetary transactions in the United States in criminally derived property of a value exceeding $10,000, derived from specified unlawful activity, namely the violation of 18 U.S.C. § 1343 (wire fraud), with each instance being a separate count under this indictment:

| Count | On or about Date of Transaction | Transaction Amount | Financial Institution | Description of Transaction |
|---|---|---|---|---|
| 2 | 06/19/2019 | $30,000.00 | Chase Bank | Wire transfer to W. & G., a law firm in New York, NY. |
| 3 | 06/19/2019 | $30,000.00 | Chase Bank | Online transfer to Chase Bank account x7139 for payroll. |
| 4 | 07/11/2019 | $15,000.00 | Chase Bank | Online transfer to Chase Bank account x7139 for payroll. |
| 5 | 07/31/2019 | $15,000.00 | Chase Bank | Online transfer to Chase Bank account x7139 for payroll. |

All in violation of 18 U.S.C. § 1957(a).

## FORFEITURE ALLEGATIONS
## 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 982(a)(1);
## 21 U.S.C. § 853; 28 U.S.C. § 2461(c)

16. The factual allegations in Counts 1 through 5 in the preceding paragraphs of this Indictment are re-alleged and incorporated as though fully set forth herein.

17. Pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), and upon conviction of one or more of the offenses alleged in Counts 1 through 5 of this Indictment, defendant(s) shall forfeit to the United States all right, title, and interest in any

- 4 -

and all property, real or personal, involved in such offense(s), or any property traceable to such property involved in the offense(s), or conspiracy to commit such offense(s), including the following: (a) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of a statute listed in Title 18, United States Code, Section 982, (b) all other property constituting proceeds obtained as a result of those violations, and (c) all property used in any manner or part to commit or to facilitate the commission of those violations including, but not limited to the sum of money representing the amount of money involved in the offense(s).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

//
//
//
//
//
//

All in accordance with Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON OF THE GRAND JURY
Date: October 3, 2023

GARY M. RESTAINO
United States Attorney
District of Arizona

/s/
LINDSAY SHORT
Assistant U.S. Attorney